STEVE M. TIDMORE, ESQ.
State Bar No. 007228
TIDMORE LAW OFFICES, P.L.L.C.
301 East Bethany Home Road, Suite C-178
Phoenix, Arizona 85012
Phone: (602) 264-1973
Fax: (602) 230-7377
stidmore@tidmorelaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| RICHARD H. LEBLOND, an adult man, | Case No.: |
| Plaintiff, | C O M P L A I N T<br>(FTCA, Tort, Motor Vehicle) |
| v. | |
| UNITED STATES OF AMERICA;<br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE; and UNITED STATES<br>FOREST SERVICE, a federal agency, | |
| Defendants. | |

Plaintiff Richard H. LeBlond, by and through counsel undersigned, alleges as follows:

1. At all times material hereto, Plaintiff resided in Maricopa County, Arizona.

2. At all times material hereto, Defendant United States Forest Service was a federal agency of Defendant United States Department of Agriculture (collectively "Defendant USFS").

3. At all times material hereto, Defendant USFS was responsible for managing and maintaining millions of acres of federal lands throughout the United States.

1

1     4.     At all times material hereto, Defendant USFS was responsible for managing and maintaining Forest Service Road 514 inside Coconino, Arizona.

    5.     Defendants have caused acts out of which this lawsuit arose to occur in Coconino County, Arizona.

    6.     The United States is the proper defendant for tort claims against a federal agency pursuant to 28 U.S.C. § 2674.

    7.     This Court has exclusive jurisdiction of Plaintiff's civil claim for money damages against Defendants pursuant to 28 U.S.C. § 1346(b)(1).

    8.     Venue is proper in Maricopa County, Arizona.

    9.     Plaintiff complied with the notice of claim requirements pursuant to 28 U.S.C. §§ 14.2, 2401(b), 2672, 2675, et seq.

    10.     On October 14, 2017, at approximately 5:52 p.m., Plaintiff was driving a dirt bike/motorcycle on Forest Service Road 514, inside Coconino, Arizona. Near GPS coordinates of N 35 24' 47.9 and W 111 43' 36.9, there was a cattle guard installed in the roadway. Unbeknownst to Plaintiff, the dirt had eroded in front of the cattle guard. As Plaintiff proceeded down the roadway, the front tire of his vehicle impacted the front of the cattle guard causing his body to propel into the air and land on the ground.

    11.     Forest Service Road 514 is open to highway legal vehicles.

    12.     At all times material hereto, Plaintiff's vehicle was highway legal.

    13.     At all times material hereto, when Plaintiff was driving his vehicle on Forest Service Road 514, the dirt erosion in front of the cattle guard was an unreasonably dangerous hazard/condition.

14. Defendants had a duty to inspect and maintain Forest Service Road 514 and its cattle guard to ensure that the roadway was flush/level with the cattle guard. By failing to inspect and maintain the roadway and the cattle guard resulting in Plaintiff's collision, Defendants' conduct was negligent.

15. The incident complained of herein was caused by the negligence of Defendants including Defendant United States, Defendant United States Department of Agriculture, and Defendant United States Forest Service.

16. Plaintiff was not negligent on October 14, 2017.

17. As the direct result of the negligence of Defendants, Plaintiff sustained injuries which have caused Plaintiff pain, suffering, mental and emotional anguish, and a general decrease in the quality of life. At this time, Plaintiff does not know whether any of said injuries are permanent and, if so, the extent of the permanency. Plaintiff believes and, therefore, alleges that said injuries may have a permanent, residual effect.

18. As a further result of the negligence of Defendants, Plaintiff has incurred expenses for hospital treatment, medical expenses, physicians, pharmaceuticals, physical therapy and other expenses, and may continue to incur such expenses in the future.

19. As a further result of the negligence of Defendants, Plaintiff has suffered a loss of income and his earning capacity has been impaired. Plaintiff's income and earning capacity may be impaired in the future.

20. As a further result of the negligence of Defendants, Plaintiff's personal property was damaged, requires repair, and has diminished in value. Plaintiff has also suffered loss of use of such property.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

(1) For general and compensatory damages in an amount to be proven at trial;

(2) For special damages for medical and other expenses which have been incurred and will be incurred in the future;

(3) For Plaintiff's costs herein; and

(4) For such relief as the Court deems proper.

Dated this 8 day of September, 2020.

TIDMORE LAW OFFICES, P.L.L.C.


*Steve Tidmore*
Steve M. Tidmore, Esq.
Attorney for Plaintiff